T.C. Summary Opinion 2001-139

UNITED STATES TAX COURT

RANDY & CHARLISS CUSHING FERIANTE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 187-00S.                    Filed September 5, 2001.

Randy Feriante, pro se.

<u>G. Michelle Ferreira</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $1,006 for the taxable year 1995.

The issue for decision is whether petitioners are entitled to a deduction for alimony payments in excess of the amount allowed by respondent.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Palo Alto, California, on the date the petition was filed in this case.

Petitioner husband (petitioner) separated from his former wife, Laura Feriante (Ms. Feriante), in 1992. After their separation, petitioner purchased a residence in Palo Alto, California, solely in his name. Ms. Feriante and petitioner's son, David, resided at this residence during the year in issue, 1995. Ms. Feriante eventually met Paul Kent, who moved into the Palo Alto residence and then married Ms. Feriante during 1995.

The Superior Court of the State of California in and for the County of Santa Clara ordered petitioner in 1992 to pay Ms. Feriante monthly spousal support of $4,373 and monthly child support of $2,007. Petitioner's marriage to Ms. Feriante subsequently was dissolved in 1993. A supplemental judgment was entered by the court in August 1995. This judgment reduced the monthly child support obligation to $1,800, stated that the

obligation to make alimony payments to Ms. Feriante ceased by operation of law[1] and gave Ms. Feriante the Palo Alto residence as her sole property. Under both the predissolution order and the supplemental judgment, the child support payments were to be paid to Ms. Feriante.

During 1995 petitioner made a series of payments in connection with the Palo Alto residence. He made six monthly mortgage payments of $1,664.81 to the lender and paid property taxes of $2,884.66 to the county. Also during 1995, petitioner made a series of monthly payments directly to Ms. Feriante: In January the payment was $3,500, in February through June the payments were $2,000 each, and in July through December the payments were $1,800 each.

On their 1995 joint Federal income tax return, petitioners claimed a deduction of $15,574 for alimony payments. In the statutory notice of deficiency respondent disallowed all but $1,500 of this deduction.[2]

---

[1]The obligation presumably ceased by operation of law upon Ms. Feriante's remarriage. The exact date in 1995 of the marriage is not in the record.

[2]Respondent also allowed petitioners an additional itemized deduction for mortgage interest expense of $8,367 and an additional credit for prior year minimum tax, both of which obviously are not disputed by petitioners. In addition, respondent made adjustments to the total amounts of petitioners' itemized deductions and exemption deductions. These are computational adjustments which will be resolved by the Court's holding on the issue in this case.

"Alimony or separate maintenance payments" are deductible by the payer in the year paid if they are includable in the payee spouse's gross income under section 71. Sec. 215(a) and (b). Subject to further requirements not relevant here, the phrase "alimony or separate maintenance payment" is defined as "any payment in cash if * * * such payment is received by (or on behalf of) a spouse under a divorce or separation instrument". Secs. 215(a), 71(b)(1)(A). Thus, payments of cash to third parties on behalf of the payee spouse may qualify as alimony or separate maintenance payments. Sec. 71(b)(1)(A). However, the payments must be made pursuant to the terms of the divorce or separation instrument. Id.; sec. 1.71-1T(b), Q&A-6 and 7, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984). If the payments instead are made in lieu of payments required to be made to the spouse, they qualify as alimony or separate maintenance payments only if they are made pursuant to a written request, consent, or ratification from the payee spouse. Id. Finally, a payment is not includable in the payee spouse's gross income under section 71 if it is fixed by the divorce or separation instrument as payable for the support of the payer spouse's children. Sec. 71(c)(1).

The mortgage and tax payments were not made pursuant either to a divorce or separation instrument or to a written request, consent, or ratification from Ms. Feriante. Further, whether Ms.

Feriante had a community property interest in the residence, which may have been acquired by petitioner prior to the divorce, is unclear. In any case, petitioner owned at least a one-half interest in the property. For these reasons, the mortgage and tax payments are not alimony or separate maintenance payments. Sec. 71(b)(1)(A); sec. 1.71-1T(b), Q&A-6, 7, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984).

Because the payments made by petitioner directly to Ms. Feriante were for child support, these payments also are not alimony or separate maintenance payments. Sec. 71(c)(1). Petitioners argue that the cash payments petitioner made in January through June were alimony payments, while the mortgage and tax payments made in those months were made to fulfill petitioner's child support obligations. We find this argument to be disingenuous: The record clearly indicates the cash payments were child support.

First, as previously noted, petitioner owned the residence in which Ms. Feriante and petitioner's son resided. Despite petitioner's assertions to the contrary, we find it unlikely that a court-ordered obligation to pay Ms. Feriante a sum certain each month could be fulfilled by payments to third parties with respect to a residence which petitioner owned.

More importantly, however, the amounts of the cash payments reveal their nature. Petitioner's obligation to pay spousal

support, which ceased at an undetermined time in 1995, was in the monthly amount of $4,373. From January through June, petitioner was under an obligation to make child support payments of $2,007 per month. In each of those months except January, his cash payment to Ms. Feriante was $2,000. From July through December, petitioner was under an obligation to make child support payments of $1,800 per month. In each of these months, his cash payment to Ms. Feriante was $1,800. It is clear that these payments were child support. The sole exception is petitioner's payment of $3,500 in January. However, respondent has already allowed petitioners a deduction of $1,500, which is the amount in excess of petitioner's child support payment.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.